UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY BRUNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-580-J |
| | ) | |
| LVNV FUNDING, LLC., MIDLAND CREDIT | ) | |
| MANAGEMENT, INC., PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, LLC, and NCB | ) | |
| MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I.    INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff Kimberly Bruner an individual consumer, against Defendants LVNV Funding, LLC., Midland Credit Management, Inc., Portfolio Recovery Associates, LLC, and NCB Management Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.   PARTIES

4.   Plaintiff Kimberly Bruner (hereinafter "Ms. Bruner") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma.

5.   Ms. Bruner is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

6.   Upon information and belief, Defendant LVNV Funding, LLC., is a South Carolina corporation with its principal place of business located at 200 Meeting Street, Ste. 206, Greenville, SC 29601.

7.   Defendant LVNV Funding, LLC is engaged in the collection of debt from consumers using the mail and telephone.

8.   Defendant LVNV Funding, LLC regularly attempts to collect consumers' debts alleged to be due to others.

9.   Defendant LVNV Funding, LLC (hereinafter referred to as "LVNV") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Upon information and belief, Defendant Midland Credit Management Inc., is a California corporation with its principal place of business located at 350 Camino De La Reina, Ste. 100, San Diego, CA 92108.

11. Defendant Midland Credit Management Inc. is engaged in the collection of debt from consumers using the mail and telephone.

12. Defendant Midland Credit Management Inc. regularly attempts to collect consumers' debts alleged to be due to others.

13. Defendant Midland Credit Management Inc. (hereinafter referred to as "MCM") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. Upon information and belief, Defendant NCB Management Services, Inc. is a South Dakota corporation with its principal place of business located at 2517 East 54th Street N., Sioux Falls, SD 57104.

15. Defendant NCB Management Services, Inc. is engaged in the collection of debt from consumers using the mail and telephone.

16. Defendant NCB Management Services, Inc. regularly attempts to collect consumers' debts alleged to be due to others.

17. Defendant NCB Management Services, Inc. (hereinafter referred to as "NCB") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3

18. Upon information and belief, Defendant Portfolio Recovery Associates, LLC is a Virginia corporation with its principal place of business located at 120 Corporate Blvd, Suite 100, Norfolk, VA 23502.

19. Defendant Portfolio Recovery Associates, LLC is engaged in the collection of debt from consumers using the mail and telephone.

20. Defendant Portfolio Recovery Associates, LLC regularly attempts to collect consumers' debts alleged to be due to others.

21. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTS OF THE COMPLAINT

22. On or about August 29, 2021, Ms. Bruner reviewed her credit report on "credit karma."

23. On the report, Ms. Bruner observed trade lines from each defendant.

24. LVNV furnished a trade line of $1,966, allegedly owed to Credit One Bank.

25. The obligation furnished by LVNV is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. MCM furnished a trade line of $2,058 allegedly owed to Synchrony Bank.

27. The obligation furnished by MCM is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. NCB furnished two trade lines of $2,989, allegedly owed to Republic Bank Trust Co.

29. The obligation furnished by NCB is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. PRA furnished two trade lines of $974 and $1,111, allegedly owed to Capital One Bank USA.

31. The obligations furnished by PRA is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. On or about August 29, 2021, Ms. Bruner contacted each Debt Collector and placed the accuracy of the reported debts at issue.

33. On or about August 29, 2021, Ms. Bruner called LVNV and disputed the accuracy of the debt it reported on her consumer report.

34. On or about August 29, 2021, Ms. Bruner called MCM and disputed the accuracy of the debt it reported on her consumer report.

35. On or about August 29, 2021, Ms. Bruner called NCB and disputed the accuracy of the debt it reported on her consumer report.

36. On or about August 29, 2021, Ms. Bruner called PRA and disputed the accuracy of the debt it reported on her consumer report.

37.   On or about March 10, 2022, Ms. Bruner reviewed her credit report and discovered that each Defendant declined to disclose her August 29, 2021, dispute on her credit report.

38.   Despite being aware of Ms. Bruner's disputes, each Defendant failed to disclose Ms. Bruner's disputes to the consumer reporting agencies.

39.   Defendants systematically fail to accurately report or acknowledge consumer's disputes.

40.   As a result of the actions and inactions of Defendants, Ms. Bruner suffered damages, including but not limited to, non-pecuniary harm, damaged personal reputation, and damaged credit reputation.

## V. CLAIM FOR RELIEF
### 15 U.S.C. § 1692e

41.   Ms. Bruner re-alleges and reincorporates all previous paragraphs as if fully set out herein.

42.   The Defendants violated the FDCPA.

43.   The Defendants' violations include, but are not limited to, the following:

The Defendants violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to the consumer reporting agencies credit information which was known or should have been known to be false.  This includes the Defendants' failure to communicate that the aforementioned debts were in dispute by Ms. Bruner.

44.   As a result of the above violations of the FDCPA, the Defendants are liable to the Ms. Bruner actual damages, statutory damages and cost.

6

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Bruner respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendants for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**JW Law Firm, PLLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@jwcreditlawyers.com
Attorney for Plaintiff

By: _____

JEFFREY A. WILSON

7